175 So. 482

**STATE v. MOBLEY et al.**

No. 34354.

May 24, 1937.

See, also, 186 La. 238, 172 So. 4.

J. S. Pickett, of Many, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and Edwin M. Fraser, Dist. Atty., of Many, for the State.

PONDER, Justice.

The defendant was convicted on a charge of larceny for stealing a hog and sentenced to the State Penitentiary at hard labor for a period of one year, subject to commutation for good behavior as provided by law. The defendant appealed from the verdict and sentence herein.

During the course of the trial, there were three bills of exception reserved to the court's rulings.

Defendant's bill of exception No. 1 was reserved to the overruling of defendant's motion to quash the indictment. The motion to quash was based on the grounds that the grand jury was illegally constituted. The facts pertinent to this bill are, viz.: When the grand jurors were called from the envelope indorsed "list of grand jurors," the sheriff having called eleven from the list who took their place in the grand jury box, and upon calling the twelfth prospective grand juror he informed the court that the initials of this prospective grand juror as shown on the slip drawn from the envelope differed from initials as published in the official journal.

There was no testimony taken to support this bill. However, the district judge in his per curiam stated that, when the name of the prospective grand juror was drawn, the sheriff hesitated and stated to the court that there was an error as to his name and, acting under this impression, the court excused the prospective grand juror before he was sworn and instructed the sheriff to draw another name, which was done. After arraignment of the accused, counsel for the accused requested of the court that the plea of not guilty be withdrawn in order to file the motion to quash the indictment. The district attorney objected to the withdrawal of the plea and the filing of the motion to quash on the ground that it came too late. The court permitted the withdrawal of the plea and allowed the defendant to file the motion to quash. The motion to quash was tried and overruled and this bill was reserved to the court's overruling same. There is no pretense on the part of the appellant that there was any fraud or wrongdoing in excusing the prospective grand juror and there is no evidence to show that the defendant was in any way prejudiced thereby. While a person accused of a crime has the right to insist that no incompetent person shall be a member of the grand jury which investigates his case, yet the accused has no right to have any particular one of the competent ones drawn for service. There is no contention that the grand juror so drawn is not competent. Though the judge is not permitted to select a grand jury by the process of elimination, which is not the case here, it would be a harsh and unreasonable construction of the

law to reverse the ruling of the lower court on a bare technicality where no prejudice would result and no question as to the competency of the grand juror so selected was raised.

In the case of State v. Bay, 148 La. 559, 87 So. 294, wherein the judge excused two prospective grand jurors, who did not have sufficient cause in law to be excused from service, and the lower court having overruled the motion to quash based thereon, the court, in passing on the ruling of the lower court, concluded that the ruling was correct. There is no contention that any of the members of the instant grand jury are not competent and duly qualified. We, therefore, conclude that there is no merit to the bill of exception.

■ Bill of exception No. 2 was reserved to the overruling of defendant's motion for a continuance. The basis of this bill was the absence of a material witness. The motion was tried and overruled by the lower court and a bill of exception was reserved to the ruling. There is no testimony in the record supporting the bill. However, in the per curiam of the trial judge, it is stated that the sheriff had made every effort to locate the witness and had found from information that witness was residing and working in Alabama and it was not shown that she would ever return to this State. It was also stated in the per curiam that, in the absence of any showing that the witness will ever return, the ground for a continuance is insufficient. The trial court in its per curiam states further that the facts alleged therein could not be proven by any other witness,

but on the trial of the case the defendant and his wife testified to these identical facts. The granting or refusing of a continuance is within the discretion of the trial judge and the appellate court can only disturb the ruling of the lower court when it is arbitrary or there is an unreasonable abuse of such discretion. Article 320, Code of Criminal Procedure.

■ Where the testimony of the absent witness would be merely cumulative, a continuance would be rightfully refused. State v. Wooten, 136 La. 560, 67 So. 366; State v. Buhler, 132 La. 1065, 62 So. 145, Syllabus.

The lower court in its per curiam stated that this was the second time that the absent witness had failed to appear, as this witness had been summoned at a previous trial and could not at that time be found.

■ There must be a showing of a reasonable prospect of obtaining the attendance of the witness if granted time. State v. Bischoff, 146 La. 748, 84 So. 41, Syllabus.

■ Owing to the fact that there is no evidence to show any prospect of obtaining the witness at a future date, the fact that this is the second time the witness has failed to appear, and the fact that the testimony would be cumulative, we are of the opinion that the ruling of the lower court was correct.

Bill of exception No. 3 was reserved to the overruling of motion for a new trial. The basis of this motion was bills of exception Nos. 1 and 2. Having determined that these bills are without merit, we are of

the opinion that the lower court was correct in overruling the motion for a new trial.

For the reasons assigned, the verdict and sentence appealed from are affirmed.

O'NIELL, Chief Justice (concurring).

I concur in the decree in this case, but not in the doctrine that the fact that the testimony of an absent witness would be merely cumulative is a sufficient reason for the judge to overrule a motion for a continuance or postponement of the trial of a person charged with crime. It is true that article 322 of the Code of Criminal Procedure requires that a motion for a continuance or postponement of the trial must show that the facts intended to be proved by the absent witness cannot be proved by any witness then in court. But the Constitution, article 1, § 9, guarantees that every person accused of crime shall have compulsory process for obtaining witnesses in his favor. To deny a person accused of crime the right or opportunity to summon a witness, on the ground merely that he already has a witness who will swear to the fact or facts which he intends to prove by the absent witness, is such a restriction as to be virtually a denial of his constitutional right in that respect. One of the reasons given by the trial judge in justification of his overruling of the motion in this case—that the defendant and his wife testified to the facts which the defendant might have proved by the absent witness—is a striking illustration of the severity of the rule. It is because of the showing of improbability, in this case, that the absent witness could have been found

if the trial of the case had been postponed, that I concur in the ruling on this bill of exception.